In the next case the court appointed an officer to take care of the jury, and charged him not to suffer them to separate until they had agreed in a verdict, nor to speak to them except to ask them if they were agreed.

## Case No. 6,756.

### HOWARD v. COBB.

[The case reported under above title in 13 Leg. Int. 361, 19 Law Rep. 377, and 36 Hunt, Mer. Mag. 707, is the same as Case No. 2,924.]

HOWARD (COBB v.). See Cases Nos. 2,-924 and 2,925.

HOWARD (COOK v.). See Case No. 3,160.

## Case No. 6,757.

### HOWARD v. CRAWFORD COUNTY.

[1 Pittsb. Rep. 531; 6 Pittsb. Leg. J. 454.]

Circuit Court, W. D. Pennsylvania. May Term, 1859.

COUNTY BONDS IN AID OF RAILWAYS — VALIDITY OF SUBSCRIPTION—UNAUTHORIZED CONDITIONS —SIGNATURES OF COUNTY COMMISSIONERS.

[1. Under a statute authorizing a county to subscribe for railroad stock upon the recommendation of a grand jury (Acts Pa. April 21, 1846, and May 4, 1852), the fact that the decision of the grand jury in favor of such a subscription is submitted to a vote of the people can in no wise affect the validity of the subscription, whatever the result of the vote, since the submission is wholly unauthorized.]

[2. Where a subscription by a county to railroad stock was made upon a condition not authorized by the law under which the subscription was made, and such condition was omitted from the bonds issued by the county, held, that one who received the bonds in payment for work done in good faith in constructing the road was entitled to recover upon them, whether he had notice of the condition or not.]

[3. The fact that railway aid- bonds are signed by only two of the three county commissioners does not affect their validity, as the signatures of two, with the corporate seal, are sufficient.]

This was an action [by George W. Howard against Crawford county] to recover interest due on bonds of defendant, issued to the Pittsburgh and Erie Railroad Company, and by them transferred to plaintiff.

The case was opened on behalf of plaintiff, by Mr. J. W. Farrelly, of Meadville, who stated that in 1846 an act was passed incorporating the Pittsburgh and Erie Railroad Company, authorizing the construction of a railroad from the city of Pittsburgh to the city of Erie, in the state of Pennsylvania. In 1852 another act was passed, conferring power upon the counties of Erie, Crawford, Mercer and Lawrence to subscribe to the stock of said railroad company, and providing that said subscriptions should be made upon the recommendation of a grand jury, who should fix the amount, designate the terms, &c., and that said subscription should

be made upon no other conditions. In August, 1853, the grand jury of Crawford county recommended a subscription of $200,000 to the stock of said company. In a few days after, the county commissioners held a meeting, and subscribed $200,000, the amount recommended by the grand jury. By the terms of the subscription the county was to have four directors in the road, and in order to have said directors appointed, the commissioners executed a single bond for the whole amount of subscription. Subsequently that bond was cancelled, and lithographed bonds were issued, ranging from one hundred to one thousand dollars each, having twenty years to run—the coupons to be paid semi-annually. A fly-leaf was attached to the bonds, containing the act of assembly authorizing the subscription, the recommendation of the grand jury, and the subscription of the commissioners, to show that the bonds were good and perfect, and issued in accordance with the law of the state. The work was put under contract, and the plaintiff, as a contractor, commenced work, and continued to work upon the road for about a year. By their agreement he was to receive $150,000 in county bonds, $400,000 in the company's stock, and $300,000 in cash, from the company. He expended $60,000 in the work. He received in bonds $12,000, in cash the sum of $2,000, and perhaps $3,000 in the stock of the company. He was obliged to suspend the work for want of means; and now suit is brought upon the coupons attached to bonds paid him, at par, by the said railroad company. The amount due him as interest exceeds $2,000.

Mr. Pettis opened the case for defendant, going into a lengthy history of the various transactions connected with the subscription by Crawford county, the connection of the plaintiff with the company, &c. The case in behalf of the county rests upon alleged irregularity in the issue of the bonds, and also upon the question of fraud. The whole issue of $200,000, it is alleged, was obtained by fraud and misrepresentation, upon the part of the company and its agents.

A large amount of testimony was given in the shape of depositions.

Shaler, Stanton & Farrelly, for plaintiff.

N. P. Fetterman and Mr. Pettis, for defendant.

McCANDLESS, District Judge. This action is instituted by George W. Howard upon coupons, detached from bonds of Crawford county, of which he is the holder. In the aggregate, they amount to $2,163. The multiplicity of matters presented, and the seeming confusion in which you must have received them, requires that the court should undergo some labor in making them intelligible to the jury.

The legislature of Pennsylvania, by an act passed the 21st of April, 1846, authorized